The appellee's counsel filed an objection on Friday, and I filed a reply to the objection last night. I do want to indicate to the court I Litigating cases on the eve of argument is not our favorite pastime. And it's not mine either, Your Honor. And I did it with Only when you're injecting a whole new theory. And I did it with a great deal of trepidation. And having argued numerous times before the court, I certainly have not done that before. However, I only found that 18 U.S.C. 1961, subsection 1 incorporates 18 U.S.C. 1952, the Travel Act, on the face of the statute. I cited the United States v. Griffith case, but irrespective of that case, on the face of the statute, it incorporates the Travel Act, which specifically says that a business enterprise that is involving prostitution offenses in violation of the laws of the State can be a predicate offense under certain conditions. But didn't the McLaurin case that you also cited put you on notice of section 1952's availability? Pardon me? You cited the McLaurin case, I believe. I think it was United States v. Griffith, if I'm not mistaken. But one of the cases you relied on discussed section 1952. That was, I think, in my original opening brief also. That was just But why weren't you on notice until the last minute that section 1952 was available? And the case you brought to our attention most recently is not exactly a new case. I simply did not pick up on it. And I indicate to the Court I did it with a great deal of trepidation. However, as I indicated in my reply, the reason why I thought it was important for me and I thought it was a duty to prize the Court is because since it normally would be waivable, and I agree with Appellee's counsel on that, that if a new issue is injected in the FRAP 28, by way of the FRAP 28J letter, it is waived. However, since it's a matter of subject matter jurisdiction, and I cited in my reply objection, to the objection, the United States Supreme Court case, ARPAV v. Y&H Corp. at 546 U.S. 500 at 513. It's a 2006 case. That, of course, subject matter jurisdiction is never waived. And the Court, including the Supreme Court, in the ARPAV case How does that cut here? It seems to me that Court found that there was no subject matter jurisdiction. Now you're trying to rescue subject matter jurisdiction. Isn't that correct? But it seems to me that it works both ways. The non-waivability of subject matter jurisdiction is not simply that the Court has an independent duty to determine that it does not have subject matter jurisdiction. True. And Judge King did that. And he dismissed under the substantiality doctrine. So you can bring a new case, and you can plead it properly to create subject matter jurisdiction. Isn't that correct? To the extent that a dismissal for lack of subject matter jurisdiction is always without prejudice, that I think the Court is correct. You can always refile and allege the specifics. So how can we find that the Court erred when it wasn't brought to the Court's attention? It's not necessarily clear that you're going to be able to come in and just cite the statute. You're going to have to replead the entire complaint, aren't you? It seems to me that that would be one option, except in this case it comes to this Court on a It seems to me in a rather strange procedural posture in that the district court dismissed it. There was originally a 12b6 motion or motion to abstain in the alternative. The issue of the subject matter jurisdiction under the statute was not raised in the 12b6 motion. The Court swore sponte after I had filed my opposition, in the case of the 18 U.S.C. 1441 to 1446, and the Court currently indicated that dealing in under the statute on the face of the statute, dealing with obscene matter, there was nothing that was referenced in 18 U.S.C. 1441 to 1446 that dealt with these kind of offenses, prostitution offenses, therefore the Court lacked subject matter jurisdiction. It did it swore sponte. It did not give me an opportunity to respond. Normally, in a subject matter jurisdiction response, we would be allowed to bring in declarations and evidence. So it seems to me, given that, instead of having to refile, we should have an opportunity to go back to the district court and bring it up directly in the district court. But wouldn't you be pleading new claims? You need to plead new claims for the case to be seen. I don't know if it is actually a new claim. And I think that the claim is that there is a predicate offense under 18 U.S.C. 1961, subsection 1, and that these prostitution offenses either come under the ambit of the Travel Act, 18 U.S.C. 1952, which is directly referenced on the face of the And that was, of course, raised in my brief. And there, I think, there is a category mistake that was made quite respectfully, but a category mistake nevertheless, by the district court, in that the district court focused on 18 U.S.C. 1441 to 1446, which is the federal component under RICO of determining a predicate offense. You have two ways that you can determine whether a predicate offense is under 18 U.S.C. 1961, subsection 1. One is whether under state law there is one is dealing with obscene matter that was prosecutable under state law for a year or more in terms of what the penalty would be, or in the alternative, under federal law. But under federal law, the district court is correct. 18 U.S.C. 1441 to 1446 seems to be what the statute is talking about when it's saying dealing with obscene matter or material. Under state law, the statute makes no reference to the 18 U.S.C. 1441 to 1446, so I don't think they are necessarily coextensive. The terms do not necessarily have to mean the same when applied under state law. And this complaint was filed directly under state law. I attached as an exhibit the prosecution under Nevada state law of one of the appellees. So it seems to me that the district court erred on that respect and the definition of what defines obscene material. I cited in my FRAP 28-J letter, and there I don't think I've waived it, a citation to Nevada state law that seems to encompass the type of activity that we're dealing with in the complaint. One of the types of activity was, of course, selling certain paraphernalia to customers and to certain people who were operating at the motel, which I think falls within the concept of dealing with obscene material. So I would If we were to agree with you, what are you asking us to do? I would simply ask the court, based on the procedural due process error, which I don't think was responded to, that the court reverse it and send it back to the district court to hear evidence or a determination of whether in fact subject matter jurisdiction exists. In the alternative, I think it also would resolve an issue that was raised by the appellee in their answering brief. Their answering brief raised a wholly new issue that had not been raised in the original motion they had brought in the district court, had not been raised by the district court in dismissing it, and that is that we had not properly or sufficiently pled a claim for relief under the definition of an enterprise. And the appellee cites out-of-circuit authority, old authority. This circuit, and I would just cite, and I believe Judge Fischer was sitting on the en banc panel of Odum v. Microsoft Corp. at 486 F. 3rd, 541-2007, which I think has a whole different standard liberally construed about what is an enterprise. The point is that is not even raised by the district court. It was not even in the record. I think all of those should be handled if in fact the appellee is going to raise that before the district court. You said the Court acted sua sponte. Did you seek reconsideration? No, I did not, Your Honor. I believed that – first of all, I thought there might be a timing problem, and I simply didn't feel that reconsideration was the best way to bring it up. It seemed to me that the Court was very definite by doing it sua sponte without – the Court can, of course, or has a duty to raise it sua sponte, but that doesn't mean it doesn't have a duty to also, under the procedure due process clause, hold an OSC hearing on it. And that's what we didn't have. So it seemed to me the district court had made up its mind that it was pretty definite that dealing with obscene material was simply not covered by the statute, and I simply don't think that's the case. Okay. Thank you. Thank you. Counsel. May it please the Court. My name is Zachariah Ezekiel Mora, and I'm appearing on behalf of Defendants Apeliz, Kishore Patel, and Gita Patel. Your Honors, this is a case of form shopping by a plaintiff who filed – who, sorry, failed to amend a cross-complaint in a related state court matter. We respectfully request that this Court affirm the district court's dismissal of the action below for the following reasons. First, there is no basis for the cause of action as pled to wit the civil RICO cause of action for dealing in obscene matter based upon a state conviction of profiting from prostitution. Second, even if this Court does determine that Griffith provides an avenue by which plaintiff can satisfy the jurisdictional requirements of a predicate offense under RICO, the allegations are so frivolous as to merit dismissal. And I would just like to insert on the record here an objection to the consideration of Griffith's and the new issue that was raised in Appellant's 28J letter. Moving first to the RICO cause of action as pled for dealing in obscene matter, as the district court noted below, under 18 U.S.C. 1461 through 1465, dealing in obscene matter means that there was dealing, importation, broadcasting, or producing obscene material. Here the only allegation is that there was a distribution of, as Appellant said in argument paraphernalia, but as is pled in the complaint, condoms. I fail to see how selling condoms for whatever purpose could ever qualify as distribution of obscene material. Moving on to that, even from that I should say, even if Griffith's and its avenue through the Tribal Act does provide a potential avenue to RICO jurisdiction from a state prostitution conviction through that Tribal Act. In this case, the allegations are so frivolous that, again, dismissal is merited. First of all, I agree with what the panel put to Appellant, which is that assuming that this new issue, this Tribal Act to RICO avenue for jurisdiction is valid, what would really have to happen here is plain if we have to file a new complaint with new allegations because there just isn't enough in the complaint as currently pled to justify a RICO jurisdiction here. As far as jurisdiction through the Tribal Act. Well, Your Honor, at this point where this is quite advanced litigation, I suppose the real prejudice here is that there is currently pending two state cases that deal with essentially the exact same material, same subject matter. In fact, in the cross-complaint in the matter before the state court, plaintiff is seeking the exact same, or I guess the cross-plaintiff in that case, is seeking the same thing exactly as is sought here in this complaint, which is injury to the business and property of the motels. It was the failure to amend that cross-complaint that got us here into federal court. It's a case of giving the plaintiff the advantage of forum shopping due to failure of diligence, a failure of diligence that I think was repeated with the filing of the FRAP 28J letter the day before oral argument. It prejudices us, the defendants, in this matter, and plaintiffs below, for having to engage in or, sorry, expend numerous resources to fight out a battle that's already being waged in the proper forum in another forum. But there's nothing that would prohibit them, unless it's a statute of limitations issue, to refile a new complaint in federal court. Is that right? As far as I know, that's correct, Your Honor. Okay. As far as the viability of jurisdiction to the travel act goes, it's quite a stretch to try and see how appellants could ever get there. Excuse me. In U.S. v. McNeil, the Seventh Circuit, 77, so the case out of Seventh Circuit, 1996, the court said that interstate travel or use must relate significantly, rather than incidentally, to the illegal activity. And here, in this case, you're dealing with a state court prostitution conviction. Everything, all the activity alleged, took place in the state of Nevada. There was no use of the facilities of interstate commerce or travel. And, again, in the Second Circuit, in the case called U.S. v. Archer, 46 F. Second, 670, said that the overriding congressional purpose of the travel act is to permit the government to act against organized crime where activity crossed state lines when local law enforcement officers were unable or unwilling to do so, to prosecute that. That's got nothing to do with what's going on here. Here we had a state criminal offense that was prosecuted in the state of Nevada and resolved. There's no reason here for the travel act to even be invoked. Not to mention the fact that Griffiths, which was the case in which they took this sort of tenuous route, that was actually a money laundering case, money laundering to travel act to RICO. In that case, you actually had different massage parlors and prostitution houses in different states from where the individual who was running them was, and he was constantly crossing state lines to deal with the management of the business enterprise, the prostitution enterprise. It just doesn't apply to the facts of this case. Even if plaintiff is permitted to replead the travel act, it's a meritless avenue to try and squeeze jurisdiction into RICO. Further, Your Honor, it's clear that when there are duplicative proceedings in federal court, duplicative of state court actions, that the district court has the power to dismiss those under its power and pursuant to 12b-1. As the Supreme Court said in Quackenbush at 517 U.S. 706. Here, the plaintiff is involved, as I've said, in two state court proceedings, seeking the same sort of damages here that they're seeking in cross complaints below in the state court. It's duplicative and the court was well within its discretion to dismiss it. Have you asked us to take judicial notice of those two cases and their current status? Your Honor, those cases were addressed in the district court case. Yes, Your Honor, and the motion is to dismiss. Okay. At this point, Your Honors, I would ask if there are any questions or issues that you would like addressed. I don't think so. Thank you. Thank you, Your Honors. Very briefly, Your Honors, I'm sure Mr. Mora, who is not involved in the state court cases, was just honestly mistaken because that is absolutely a misstatement of what the cases are. The state court cases are two cases brought by Kishore Patel and Jayesh Patel, not Gita Patel, against my clients, not my clients, his clients, for two different motels, two motels in Nevada, not the motel that is the subject matter of this litigation, and a motel in Florida. It has nothing to do with this litigation. I would just like to add that the state court case is not a case of abstention. It's a case of abstention. At the 12B6 level, I also indicated to the Court on the motion to an alternative abstain, and I cited to the Court authority to the fact that this circuit holds that when it is a purely statutory claim, not like younger abstention or permanent abstention, when you have constitutional claims or land-use claims, this circuit holds that abstention is not advised. And that if the Court has jurisdiction, it should exercise that jurisdiction. One last thing. So I don't believe that that is held, and as far as the Travel Act, I think the Travel Act on its face very clearly supports at least a colorable claim for jurisdiction. Okay. Thank you. Thank you. Thank you, Counsel. We appreciate the argument. The towel is submitted. And the next case on calendar, and we'll take a break after this one, United States versus a car, a Toyota, and veto. May it please the Court.
judges: Mueller, Noonan, Fisher